UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN,<br><br>          Petitioner,<br><br>     v.<br><br>ERIC ARNOLD,<br><br>          Respondent. | No.  2:14-cv-1709 GEB KJN P<br><br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel.  By order filed August 3, 2016, the petition for writ of habeas corpus was denied and judgment was entered.  On August 29, 2016, petitioner filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and a motion to make additional findings under Rule 52(b).  Respondent filed oppositions, and petitioner filed a reply.  Upon review of the briefing and the record, the undersigned denies petitioner's motions.

Rule 52(b) states:

> Amended or Additional Findings. On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

Fed. R. Civ. P. 52(b).  Rule 59(e) provides that a party may move to have a court amend its judgment within twenty-eight days after the entry of judgment.  Fed. R. Civ. P. 59(e); Carroll v.

1

Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).  Amending a judgment after its entry is "an extraordinary remedy which should be used sparingly."  McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam).  In general, a Rule 59(e) motion may be granted if:

> (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) such motion is necessary to present newly discovered or previously unavailable evidence; (3) such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  A court considering a Rule 59(e) motion is not limited to these four grounds, and may amend under unusual circumstances outside the listed grounds where appropriate.  Id.  "A Rule 59(e) motion may be granted if . . . the district court committed clear error or made an initial decision that was manifestly unjust").  See Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011) (internal quotation marks and citation omitted).  However, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Carroll, 342 F.3d at 945 (citation omitted).  A district court has "considerable discretion" in considering a Rule 59(e) motion.  Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

     Here, petitioner contends that on March 16, 2016, the state appellate court clarified California law with respect to "what a violation of ] Cal. Code of Regs.] section 3005(a) requires." (ECF No. 29 at 2, citing In re Gomez, 246 Cal. App. 4th 1082 (2016).) Petitioner argues that in Gomez, the court evaluated the "some evidence" standard by applying the factors specified in Cal. Code Regs. Tit. 15, § 3005(a), Gomez, 246 Cal. App. 4th at 1096, and because in petitioner's case the state court did not consider such factors, the state courts' application of Superintendent v. Hill, 472 U.S. 445 (1985), was objectively unreasonable.  (ECF No. 29 at 2.) Petitioner asserts that this court is bound by state court rulings on the interpretation of state administrative regulations.  Id., citing Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

////

1   Respondent counters that Gomez is not an intervening change in controlling law, which is
2   limited to holdings of the United States Supreme Court at the time of the last reasoned state court
3   decision. (ECF No. 32 at 2.) Second, respondent contends that any alleged error in the
4   interpretation or application of state law does not provide a basis for federal habeas relief, citing
5   Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). (ECF No. 32 at 2.) Finally, respondent argues
6   that because petitioner could have raised Gomez prior to the May 16, 2016 findings and
7   recommendations, as well as the August 8, 2016 order, it is inappropriate to grant relief under
8   Rule 59(e). (ECF No. 32 at 3.)

9   In reply, petitioner argues that Gomez correctly applied the evidentiary standard used in
10  Hill, 472 U.S. at 445. In his case, petitioner argues that the state courts did not evaluate whether
11  petitioner's behavior resulted in disorder that endangered the facility, outside community or
12  another person, and unreasonably applied Hill by not inquiring whether there was some evidence
13  of "an endangering 'breakdown in order'" in the record. (ECF No. 35 at 2.) Petitioner contends
14  there is no evidence in the record that petitioner's behavior of raising his voice in the law library
15  or of being argumentative had the potential to endanger the facility, outside community, or
16  another person. (ECF No. 35 at 2.) Further, petitioner argues that even assuming petitioner's
17  behavior did result in a disorder which "canceled inmate services, such as the law library," such
18  behavior does not constitute "some evidence" of a violation of Cal. Code Regs. Tit. 15, § 3005(a).
19  (ECF No. 35 at 2-3, citing Hill; Gomez, 246 Cal. App. 4th at 1099-100.) Petitioner contends that
20  to the extent that the district court ruled that there was "some evidence" of "an endangering"
21  sufficient to satisfy Hill, such ruling is an error calling for Rule 59(e) relief because there was no
22  factual basis for the hearing officer's decision. (ECF No. 35 at 3.) Petitioner argues that Rule
23  59(e) may be used to prevent manifest injustice. (ECF No. 35 at 3, citing 389 Orange St. Partners
24  v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

25  However, the court finds respondent's arguments well taken. Petitioner's reliance on
26  Gomez is unavailing because it is not an intervening change in controlling law. 28
27  U.S.C. §2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000). A state appellate court
28  decision, such as Gomez, is not clearly established federal law. Moreover, because petitioner's

3

1    arguments are simply based on a parsing of the prison regulation, Cal. Code Regs. Tit. 15,

2    § 3005(a), petitioner could have raised his arguments earlier in the litigation, even without the

3    support of Gomez. Moreover, because the disciplinary was supported by "some evidence," as

4    described in the May 16, 2016 findings and recommendations, the undersigned finds no manifest

5    error or clear error supports reconsideration under Rule 59(e).

6    Thus, petitioner's motion for reconsideration of the August 3, 2016 order is denied.

7        B.  Motion for Relief under Rule 52(b)

8    As argued by respondent, the "some evidence" standard is minimally stringent and

9    deferential: "[a]scertaining whether this standard is satisfied does not require examination of the

10   entire record, independent assessment of the credibility of the witnesses, or weighing of the

11   evidence." Hill, 472 U.S. at 455.  Respondent contends that petitioner has always asserted that

12   there was no evidence to support a finding that he was guilty of disruption of the facility

13   operations.  Because the court already found that the state courts' application of the "some

14   evidence" standard was consistent with clearly established federal law, respondent argues that

15   additional findings are unnecessary.

16    At bottom, petitioner relies on an argument that he simply blurted out three questions

17   (ECF No. 30), or "raised his voice," or "was loud" (ECF No. 35), and contends that the state

18   courts did not consider whether there was evidence to support whether such misconduct

19   endangered the prison, outside community or another person, requiring this court to make

20   additional findings to make such determination.  Respondent counters that such additional

21   findings are unnecessary because the state court record amply supports a finding that there was

22   "some evidence" to support the disciplinary finding. (ECF No. 31 at 2.)

23   As the assigned magistrate judge found in the findings and recommendations:

24   > There was "some evidence" supporting petitioner's disciplinary
>  conviction for behavior which might lead to disorder or a serious
25   > disruption of facility operations.  The disciplinary hearing officer
>  found petitioner guilty of this charge, relying on the allegations by
26   > librarian Kosher in the RVR.  These included Kosher's statements
>  that petitioner "began to be disruptive" and "continued to blurt out"
27   > questions when he was told that he would be escorted from the
>  library. (ECF No. 1 at 72.)  The hearing officer also relied on
28   > "witness testimony," which included Kosher's testimony that

> petitioner was disruptive when he stood up and started asking questions "in a raised voice" and was "loud and argumentative." The SHO also noted petitioner's statement that other inmates stopped what they were doing and looked to see "what was going on." (ECF No. 1 at 74.) In addition, the RVR mentioned that petitioner had an "ongoing pattern of disruptive behavior" and that he had been verbally counseled on this behavior on three previous occasions. (ECF No. 1 at 78.) All of this constitutes "some evidence" to support petitioner's conviction for engaging in behavior that "might lead" to disorder or "a serious disruption of facility operations." 15 CCR § 3315 (a)(1)(B-C).

(ECF No. 20 at 11-12.) Such findings are sufficient to demonstrate that "some evidence" supported the disciplinary, under the minimally stringent requirements of Hill, 472 U.S. at 455. Thus, no additional findings are required, and petitioner's motion is denied.

    C.  Certificate of Appealability ("COA")

The undersigned must issue or deny a COA when it enters a final order adverse to petitioner. See Rule 11(a) of the Rules Governing § 2254 Cases. A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). Courts "must resolve doubts about the propriety of a COA in the petitioner's favor," Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000) (*en banc*)).

No such doubt exists here. Reasonable jurists would not find it debatable that petitioner has not shown that he is entitled to reconsideration of the order on the grounds asserted. Specifically, reasonable jurists would agree that there was no intervening change in controlling federal law or clear error that would warrant relief from the judgment. Thus, the undersigned declines to issue a certificate of appealability.

    D.  Conclusion

For the above reasons, the undersigned denies petitioner's motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions (ECF Nos. 29 & 30) are denied; and

////

////

2.  The undersigned declines to issue a certificate of appealability.

Dated:  October 20, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/witk1709.59e