UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WITKIN,

Petitioner,

v.

ERIC ARNOLD,

Respondent.

No. 2:14-cv-1709 GEB KJN P

ORDER

Petitioner is a state prisoner, proceeding without counsel. By order filed August 3, 2016, the petition for writ of habeas corpus was denied and judgment was entered. On August 29, 2016, petitioner filed a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, and a motion to make additional findings under Rule 52(b). Respondent filed oppositions, and petitioner filed a reply. On October 20, 2016, the assigned magistrate judge denied petitioner's August 29, 2016 motions by order. (ECF No. 36.)

On April 20, 2017, the United States Court of Appeals for the Ninth Circuit found that the magistrate judge lacked authority to issue the August 29, 2016 order, and therefore the order has no effect. The Ninth Circuit remanded the case to the district court with instructions for the district judge to consider petitioner's August 29, 2016 motions on the merits.

Upon review of the briefing and the record, the undersigned denies petitioner's motions.

////

1

A. <u>Motion for Reconsideration and Motion for Additional Findings</u>

Rule 52(b) states:

> Amended or Additional Findings. On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings -- or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

Fed. R. Civ. P. 52(b). Rule 59(e) provides that a party may move to have a court amend its judgment within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e); <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003). Amending a judgment after its entry is "an extraordinary remedy which should be used sparingly." <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam). In general, a Rule 59(e) motion may be granted if:

> (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) such motion is necessary to present newly discovered or previously unavailable evidence; (3) such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law.

<u>Allstate Ins. Co. v. Herron</u>, 634 F.3d 1101, 1111 (9th Cir. 2011). A court considering a Rule 59(e) motion is not limited to these four grounds, and may amend under unusual circumstances outside the listed grounds where appropriate. <u>Id.</u> "A Rule 59(e) motion may be granted if . . . the district court committed clear error or made an initial decision that was manifestly unjust"). <u>See</u> <u>Ybarra v. McDaniel</u>, 656 F.3d 984, 998 (9th Cir. 2011) (internal quotation marks and citation omitted). However, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Carroll</u>, 342 F.3d at 945 (citation omitted). A district court has "considerable discretion" in considering a Rule 59(e) motion. <u>Turner v. Burlington N. Santa Fe R.R. Co.</u>, 338 F.3d 1058, 1063 (9th Cir. 2003).

California Code of Regulations, title 15, § 3005(a) provides as follows: (a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person. <u>Id.</u>

Here, petitioner contends that on March 16, 2016, the state appellate court clarified California law with respect to "what a violation of [Cal. Code of Regs.] section 3005(a) requires." (ECF No. 29 at 2, citing In re Gomez, 246 Cal. App. 4th 1082 (2016).)[1] Petitioner argues that in Gomez, the court evaluated the "some evidence" standard by applying the factors specified in Cal. Code Regs. Tit. 15, § 3005(a), Gomez, 246 Cal. App. 4th at 1096, and because in petitioner's case the state court did not consider such factors, the state courts' application of Superintendent v. Hill, 472 U.S. 445 (1985), was objectively unreasonable. (ECF No. 29 at 2.) Petitioner asserts that this court is bound by state court rulings on the interpretation of state administrative regulations. (ECF No. 29 at 2, citing Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).)

Respondent counters that Gomez is not an intervening change in controlling law, which is limited to holdings of the United States Supreme Court at the time of the last reasoned state court decision. (ECF No. 32 at 2.) Second, respondent contends that any alleged error in the interpretation or application of state law does not provide a basis for federal habeas relief, citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). (ECF No. 32 at 2.) Finally, respondent argues that because petitioner could have raised Gomez prior to the May 16, 2016 findings and recommendations, as well as the August 8, 2016 order, it is inappropriate to grant relief under Rule 59(e). (ECF No. 32 at 3.)

Petitioner replies that Gomez correctly applied the evidentiary standard used in Hill, 472 U.S. at 445. Petitioner argues in his case the state courts did not evaluate whether petitioner's behavior resulted in disorder that endangered the facility, outside community or another person, and unreasonably applied Hill by not inquiring whether there was some evidence in the record of "an endangering 'breakdown in order'". (ECF No. 35 at 2.) Petitioner contends there is no evidence in the record that petitioner's behavior of raising his voice in the law library or of being argumentative had the potential to endanger the facility, outside community, or another person.

---

[1] In Gomez, the California Court of Appeal, First District, found that Gomez' refusal to eat nine consecutive meals as part of a hunger strike, standing alone, did not show behavior that might lead to violence, disorder, or endanger the facility, outside community or another person under § 3005(a). Gomez, 201 Cal. Rptr. 3d at 124.

3

(ECF No. 35 at 2.) Further, petitioner argues that even assuming petitioner's behavior did result in a disorder which "canceled inmate services, such as the law library," such behavior does not constitute "some evidence" of a violation of Cal. Code Regs. Tit. 15, § 3005(a). (ECF No. 35 at 2-3, citing Hill; Gomez, 246 Cal. App. 4th at 1099-100.) Petitioner contends that to the extent that the district court ruled that there was "some evidence" of "an endangering" sufficient to satisfy Hill, such ruling is an error justifying Rule 59(e) relief because there was no factual basis for the hearing officer's decision. (ECF No. 35 at 3.) Petitioner argues that Rule 59(e) may be used to prevent manifest injustice. (ECF No. 35 at 3, citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

However, Petitioner's reliance on Gomez is unavailing because it is not an intervening change in controlling law. 28 U.S.C. § 2254(d)(1)( stating: "An application for a writ . . . on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Moreover, any alleged error in the interpretation or application of state law, such as section 3005(a), does not provide a basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(" We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"). Further, since petitioner's arguments are based on application of a prison regulation, Cal. Code Regs. Tit. 15, § 3005(a), petitioner could have raised his arguments earlier in the litigation, even without the support of Gomez.

In any event, the undersigned finds that Gomez does not require reconsideration of the instant case, for the following reasons.

First, in Gomez, the court confirmed that § 3005(a) does not require actual disorder or endangerment, but a behavior that "might lead" to disorder, or "otherwise endangers." Gomez, 246 Cal. App. 4th at 1097.

4

Second, the instant case is distinguishable from Gomez, which was based on the inmate's refusal to eat nine consecutive meals as part of a hunger strike. Id. Such refusal, standing alone, did not show behavior that might lead to violence, disorder, or endanger the facility, outside community or another person under § 3005(a). Gomez, 246 Cal. App. 4th at 1099. Here, petitioner's behavior occurred in the prison law library, in front of other inmates, who would expect a quiet environment in which to work on their cases, presumably under pressing deadlines given the difficulties often encountered in gaining law library access at a prison. If any of these inmates faced a critical deadline, it would not be unreasonable to expect that tempers might flare, and could lead to disorder or endanger another inmate or staff member, and could result in further punishment to an inmate who overreacts to petitioner's disruption. It is reasonably foreseeable to a person of ordinary intelligence that petitioner's actions, speech and demeanor might lead to a confrontation with staff or other inmates who may react, constituting behavior that may lead to violence or disorder, or otherwise endanger the facility, outside community or other person.

Third, in addition, because the disciplinary was supported by "some evidence," as described in the May 16, 2016 findings and recommendations, the undersigned finds no manifest error or clear error supports reconsideration under Rule 59(e). The "some evidence" standard is minimally stringent and deferential: "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence." Hill, 472 U.S. at 455. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary decision-maker. Id. (emphasis added). This standard is considerably lower than that applicable in criminal trials. Id. For example, another district court found the "some evidence" standard met where a prisoner called for "man down," requiring medical staff to respond, creating "disorder by stopping all other inmate movement and programming due to the misuse of the gurney." Rodarte v. Grounds, 2012 WL 6629627 (N.D. Cal. Dec. 19, 2012). Maintaining order inside a prison is an essential correctional goal. See Bell v. Wolfish, 441 U.S. 520, 546-47 (1979). This is also true in a prison law library where inmates have limited access and often face critical deadlines.

As the assigned magistrate judge found in the findings and recommendations:

> There was "some evidence" supporting petitioner's disciplinary conviction for behavior which might lead to disorder or a serious disruption of facility operations. The disciplinary hearing officer found petitioner guilty of this charge, relying on the allegations by librarian Kosher in the RVR. These included Kosher's statements that petitioner "began to be disruptive" and "continued to blurt out" questions when he was told that he would be escorted from the library. (ECF No. 1 at 72.) The hearing officer also relied on "witness testimony," which included Kosher's testimony that petitioner was disruptive when he stood up and started asking questions "in a raised voice" and was "loud and argumentative." The SHO also noted petitioner's statement that other inmates stopped what they were doing and looked to see "what was going on." (ECF No. 1 at 74.) In addition, the RVR mentioned that petitioner had an "ongoing pattern of disruptive behavior" and that he had been verbally counseled on this behavior on three previous occasions. (ECF No. 1 at 78.) All of this constitutes "some evidence" to support petitioner's conviction for engaging in behavior that "might lead" to disorder or "a serious disruption of facility operations." 15 CCR § 3315 (a)(1)(B-C).

(ECF No. 20 at 11-12.) Here, petitioner's actions required prison staff to respond, and stopped other inmates from their library work to see what was going on. These findings are sufficient to demonstrate that "some evidence" supported the challenged disciplinary action under the minimally stringent requirements of Hill, 472 U.S. at 455, specifically that "'there was some evidence from which the conclusion of the administrative tribunal could be deduced.'"

Thus, petitioner's motion for reconsideration of the August 3, 2016 order is denied.

B. Motion for Relief under Rule 52(b)

Nor has petitioner shown that additional findings are required under Rule 52(b). Petitioner argues that he simply blurted out three questions (ECF No. 30), or "raised his voice," or "was loud" (ECF No. 35), and contends that the state courts did not consider whether there was evidence to support whether such misconduct endangered the prison, outside community or another person, requiring this court to make additional findings to make such determination. Respondent counters that additional findings are unnecessary because the state court record amply supports a finding that there was "some evidence" to support the disciplinary finding. (ECF No. 31 at 2.)

Since the "some evidence" standard is minimal, and one of the witnesses testified that petitioner's conduct was disruptive, petitioner stood up, and was loud and argumentative, and

continued exhibiting this behavior despite being warned he would be escorted out of the facility, and the RVR mentioned that petitioner had an ongoing pattern of disruptive behavior and that he had been verbally counseled on this behavior on three previous occasions, no additional factual findings are required to support this court's decision. Petitioner's motion is denied.

### B. Certificate of Appealability ("COA")

The undersigned must issue or deny a COA when it enters a final order adverse to petitioner. See Rule 11(a) of the Rules Governing § 2254 Cases. A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). Courts "must resolve doubts about the propriety of a COA in the petitioner's favor," Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000) (*en banc*)).

No such doubt exists here. Reasonable jurists would not find it debatable that petitioner has not shown that he is entitled to reconsideration of the order on the grounds asserted. Specifically, reasonable jurists would agree that there was no intervening change in controlling federal law or clear error that would warrant relief from the judgment. Thus, the undersigned declines to issue a certificate of appealability.

### D. Conclusion

For the above reasons, the undersigned denies petitioner's motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions (ECF Nos. 29 & 30) are denied; and

2. The undersigned declines to issue a certificate of appealability.

Dated: August 11, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge